IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ABDUR-RASHID MUHAMMAD, a/k/a
ANTONIO D. ROOKS-BYRD,

                Petitioner,

     vs.

ROB JEFFREYS, Director of Nebraska
Department of Correctional Services;

                Respondent.

**8:23CV147**

**MEMORANDUM AND ORDER**

This matter is before the Court on preliminary review of Petitioner Abdur-Rashid Muhammad's, a/k/a Antonio D. Rooks-Byrd's, Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, Filing No. 1, filed in this Court on April 17, 2023 along with a brief in support, which is incorporated into the Petition by reference,[1] as well as Petitioner's motion for bail pending review, Filing No. 3, and motion for an evidentiary hearing, Filing No. 5.  For the reasons set forth below, the motions for bail pending review and evidentiary hearing shall be denied without prejudice, and Respondent shall be ordered to respond to the Petition.

---

[1] *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion.  A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Fed. R. Civ. P. 81(4) (Federal Rules of Civil Procedure apply to habeas corpus proceedings to the extent the practice is not otherwise specified in a federal statute or the Rules Governing Section 2254 Cases and has previously conformed to the practice in civil actions).

### I.  Motion for Bail Pending Review

Petitioner asks this Court to release him on bail pending review of his § 2254 habeas petition.  Filing No. 3.  Federal district courts have the inherent power to grant state prisoners bail during the pendency of a federal habeas corpus proceeding.  *See Martin v. Solem*, 801 F.2d 324, 329–30 (8th Cir. 1986).  However, such power can be exercised only in exceptional cases and where special circumstances exist.  *See id.*

Petitioner argues the following in support of his request for bail:

1. Petitioner is a "Bailable" person in this matter with no other criminal charges pending nor is the Petitioner a flight risk or substantial danger to the community.

2. Petitioner shows in his Petition that he has been illegally convicted in violation of his constitutional rights, and that the result of his Petition before this Court will likely result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence less than the total of time already served by him.

3. Petitioner's original bond was set at $1,000,000 with a 10% option which is excessive and violative of the Nebraska Constitution, Article 1, Section 9.

4. Petitioner's case is a noncapital case.

Filing No. 3.  The Court finds that Petitioner has not presented exceptional circumstances warranting bail pending disposition of his Petition.  Specifically, "there is nothing unusual about a claim of unlawful confinement in a habeas proceeding . . . and [Petitioner] made no showing of any medical emergency or any other special circumstances."  *Martin*, 801 F.2d at 330.  Accordingly, Petitioner's request for bail will be denied without prejudice.

### II.  Motion for Evidentiary Hearing

The *Rules Governing Section 2254 Cases in the United States District Courts* governs evidentiary hearings in this case, providing that, "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings,

2

and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Rule 8(a).  Here, Petitioner's motion for an evidentiary hearing is premature because Respondent has yet to file an answer.  Accordingly, Petitioner's motion for an evidentiary hearing, Filing No. 5, shall be denied without prejudice as premature.

### III.  Preliminary Review

The Court now conducts a preliminary review of Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed on April 17, 2023.  Petitioner pleaded guilty in the District Court of Sarpy County, Nebraska to two counts of second-degree assault and one count of use of a weapon to commit a felony and was sentenced on May 2, 2011, to 70 to 90 years' imprisonment.  Filing No. 1 at 1, 133–34.

Petitioner filed a direct appeal on May 6, 2011, and the Nebraska Court of Appeals affirmed his convictions and sentence on December 1, 2011.  *Id.* at 2.  No petition for further review in the Nebraska Supreme Court was filed.  *Id.* at 5.  On January 3, 2013, Petitioner filed a motion for postconviction relief, which the state district court denied on March 15, 2013.  *Id.* at 3–4.  Petitioner appealed the denial of the motion for postconviction relief to the Nebraska Court of Appeals on April 18, 2013, which was dismissed on May 16, 2013, pursuant to Neb. Rev. Stat. § 25-1912(1).  *Id.* at 4.  On March 11, 2015, Petitioner filed a motion to vacate or modify judgment with the Sarpy County District Court, which was summarily denied on March 11, 2015.  *Id.* at 4–5.

It appears from the face of the Petition that Petitioner's claims may be barred by the statute of limitations because the Petition was filed more than one year after Petitioner's judgment became final.  *See* 28 U.S.C. § 2244(d)(1).  However, in order to

ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution.  Respondent should be mindful of, and if necessary respond to, Petitioner's assertion that, while his Petition is untimely, he is entitled to equitable tolling due to "extraordinary circumstance's [sic] beyond [his] control," including the failure of his appellate counsel to file a petition for further review of his direct appeal, "NDCS official negligence in the delay of mailing the Petitioner's notice of appeal from the denial of his first postconviction relief [motion]," and because Petitioner has performed the "maximum feasible diligence" in attempting to proceed with his state court actions.  Filing No. 1 at 5, 30–31.

IT IS THEREFORE ORDERED that:

1.    By **September 1, 2023**, Respondent must file a motion for summary judgment or state court records in support of an answer.  The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **September 1, 2023**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2.    If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A.    The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B.    The motion for summary judgment must be supported by any state court records that are necessary to support the motion.  Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

4

C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief.   In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents.   Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment.   Petitioner may not submit other documents unless directed to do so by the Court.

E.      No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief.   In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.      If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order.   *See* the following paragraph.   The documents must be filed

no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3.      If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.      By **September 1, 2023**, Respondent must file all state court records that are relevant to the cognizable claims.  *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.      No later than 30 days after the relevant state court records are filed, Respondent must file an answer.  The answer must be accompanied by a separate brief, submitted at the time the answer is filed.  Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.  *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6

C.   Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief.  In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents.  Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response.  Petitioner must not submit any other documents unless directed to do so by the Court.

E.   No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.   The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **October 2, 2023**: check for Respondent's answer and separate brief.

4.     No discovery shall be undertaken without leave of the Court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts.*

7

5.     Petitioner's motion for bail pending review, Filing No. 3, and his motion for an evidentiary hearing, Filing No. 5, are denied without prejudice to reassertion.

6.     The Clerk of Court is directed to update the case caption to list Petitioner's name as "Abdur-Rashid Muhammad, a/k/a Antonio D. Rooks-Byrd."

Dated this 18th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court