IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDUR-RASHID MUHAMMAD,<br><br>Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director of Nebraska Department of Correctional Services;<br><br>Respondent. | 8:23CV147<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on Petitioner's motion for evidentiary hearing, Filing No. 6, his motion seeking to supplement the record (the "First Motion to Supplement"), Filing No. 18, and motion to add exhibits G-I to the record, Filing No. 22, which this Court shall consider as a second motion to supplement (the "Second Motion to Supplement"). In both the First and Second Motions to Supplement, Petitioner seeks supplementation of the record which he alleges is necessary to allow him to respond to Respondent's Motion for Summary Judgment (the "MSJ"), Filing No. 9, which is currently pending before this Court.

      As an initial matter, to the extent Petitioner intends to supplement the record with the documents attached to his Second Motion to Supplement and labeled as Exhibits G-I, Filing No. 22 at 4–11, the motion is granted. The Court shall consider Exhibits G-I when addressing the MSJ.

In relation to the motion seeking an evidentiary hearing, in his motion Petitioner submits he seeks an evidentiary hearing to "allow Exhibit's J, K, L, M & N [which are presented following the motion] to be added to the record." Filing No. 6 at 3. As this Court shall also consider Petitioner's Exhibit's J-N attached to the motion for evidentiary hearing when addressing the MSJ, there is no need for the requested hearing. As such, Petitioner's motion for evidentiary hearing is denied as moot.

The remainder of this order shall address Petitioner's First Motion to Supplement, where Petitioner seeks to supplement the record with a multitude of documents and arguing such supplementation is necessary for Petitioner to respond to the MSJ. Filing No. 18. For the reasons that follow, the First Motion to Supplement shall be granted only to the extent Petitioner requests this Court take judicial notice of documents filed in other proceedings. To the extent Petitioner seeks an order requiring Respondent to supplement the record, the First Motion to Supplement shall be denied without prejudice.

The sole issue presented in Respondent's MSJ is whether Petitioner's habeas Petition should be dismissed as untimely under § 2244(d)(1) and not eligible for any exception which would allow the Petitioner to proceed here. Filing No. 12 at 1. In His MSJ Respondent argues that the Petition is untimely because more than one year lapsed between the date that Petitioner's conviction became final and the date on which Petitioner filed his Petition with this Court over ten years later. Id. at 3. Respondent further argues that because the limitations period lapsed on March 18, 2013, before Petitioner filed his untimely appeal of the state district court's judgment denying Petitioner's motion for postconviction relief, equitable tolling of the limitations period is not available to the Petitioner and the Petition therefore must be dismissed. Id.

2

In his First Motion to Supplement, Petitioner seeks 37 separate categories of additional records that he requests be provided by Respondent and made part of the record (and further asks this Court of take judicial notice of several other state court cases). Filing No. 18. Petitioner submits the requested documents "will provide sufficient evidence and facts . . . relevant to the statute of limitations" and are necessary to adequately respond to the MSJ. *Id.* at 12. In response, Respondent argues that all documents requested by Petitioner are unneeded to formulate a reply to the MSJ, as the MSJ only addresses the application of the limitations period to the filing of the instant Petition and the documents sought appear to address issues outside of that scope. Filing No. 20. This Court agrees with Respondent.

At this juncture, the only issue for Petitioner to address in responding to the MSJ is the timeliness of his Petition under the applicable one-year limitations period or an exception to that period. As such, any request to expand the record is only appropriate at this time to the extent the information requested is necessary to establish whether or not further review of the Petition is barred by 28 U.S.C. § 2244(d)(1).

The one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat. 1214, for state prisoners to file for federal habeas relief runs from the latest of the following four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or]
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

When a federal habeas petition subject to the limitations period as calculated pursuant to 28 U.S.C. § 2244(d)(1) is filed after that period has expired, review of the petition in federal court may still proceed if the court finds the petition is subject to equitable tolling, Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006), or the miscarriage of justice exception, see McQuiggin v. Perkins, 569 U.S. 383 (2013).[1]  A litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Runyan v. Burt, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." Id. (internal quotation marks omitted). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. Pace, 544 U.S. at 418.

---

[1] In McQuiggin, the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of Schlup v. Delo, 513 U.S. 298 (1995), may also be excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.  569 U.S. at 383. To show "actual innocence," a petitioner must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. Schlup, 513 U.S. at 324–27.  However, the Court notes this exception only in the interest of thoroughness as Petitioner does not appear to argue at any time that the miscarriage of justice exception applies here.

In support of his First Motion to Supplement Petitioner states that the documents sought will provide sufficient evidence and supporting facts that: "Petitioner timely filed his notice of appeal [to the state courts] on April 8, 2013"; Petitioner was diligent in his efforts to mail his notice of appeal timely; Petitioner has been diligent in his efforts to obtain evidence supporting his position that his appeal was timely filed; that due to issues with the timeliness of his appeal that he filed multiple motions in the state courts establishing he was diligent in his efforts to have his appeal heard; and that various documents will provide support for his contention that he was denied due process of law and equal protection by the state courts. Filing No. 18. All of Petitioner's arguments in support of production appear to address an untimely motion in the state courts or the grounds for relief in his Petition. Petitioner does not provide any specific indication as to why he needs the requested documents to address the limitations issue applicable to his federal habeas Petition. Rather, it appears Petitioner has listed documents he wants added to the record, providing several broad explanations for the "functions" these documents would serve largely in relation to the claims brought in his Petition, but provides no information as to how they would establish his federal habeas Petition was timely filed or that he is entitled to a waiver of the limitations period.

For example, while Petitioner argues that some of the documents requested "will further solidify the Petitioner's argument that because of NDCS Official negligence, a state created impediment lulled the Petitioner into inaction and prevented the filing of the Petitioner's petition," it is unclear why Petitioner needs production of any of the documents to support his position. To the extent Petitioner intends to argue the limitations period, which he contends began on March 22, 2018, *see* Filing No. 6 at 2, should be calculated

5

under 28 U.S.C. § 2244(d)(1)(B) (stating the limitations period may be calculated from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"), Petitioner need only describe the state created impediment at issue, explain why that impediment allows calculation of the limitations period to begin on March 22, 2018, and why his federal Petition would be considered timely. See *Earl v. Fabian*, 556 F.3d 717, 726 (8th Cir. 2009) (citing *Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007))); see also *Amnathphonthip v. Warden, N. Cent. Corr. Complex*, No. 2:17-CV-1129, 2018 WL 4043154, at *1 (S.D. Ohio Aug. 24, 2018) (explaining that a petitioner who waited well over a year to file his federal petition needed to supply an explanation for the delay).

As another example, in request number three of his First Motion to Supplement, Petitioner seeks the following: "Filings and Record of Petitioner's NDCS Informal Grievance Resolution Form's (White, Blue & Pink) that was filed by the Petitioner, once Petitioner became aware of NDCS Negligence of losing/holding the Petitioner's legal mail for more than 8 days in the mail room at the Nebraska State Penitentiary." Filing No. 18 at 2. Petitioner submits these records will "provide sufficient evidence and facts that the Petitioner was diligent, as to trying to find out why NDCS Officials did not notify the Petitioner about his Legal Mail (Notice of Appeal) being lost/held for 8 days before it was finally mailed to the clerk of the district court." *Id.* While it appears at least some of the documents requested were provided by Petitioner in his Second Motion to Supplement, it is unclear from Petitioner's description of the documents requested and the reason for

6

his request how information relating to a *notice of appeal* relates to the timeliness of the instant *Petition*.

Moreover, Petitioner likely does not need to attach the pleadings he seeks from various court cases to present his argument, especially as his argument should be limited to whether his Petition is timely and/or that review should proceed even in light of its untimeliness. While Petitioner certainly may supplement the record in this case with documents in his possession, Petitioner may instead reference docket entries and the substance of those entries in other cases to establish the timeline that supports his argument. This Court is fully able to review and take judicial notice of pleadings in other courts for purposes of evaluating the arguments presented relating to the MSJ. *United States v. Evans*, 690 F.3d 940, 943 (8th Cir. 2012) ("[F]ederal courts may ... take judicial notice of proceedings in other courts if they relate directly to the matters at issue.") (quoted case omitted); *see also Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records). As such, to the extent Petitioner believes review of pleadings in other cases is supportive of his position, this Court may access the noted records on its own or Petitioner may supplement the record with such documents if already in his possession.

Therefore, after considering the documents requested by Petitioner in his First Motion to Supplement, the Court finds an order requiring Respondent to provide such documents is inappropriate at this time without some showing of why each specific document is necessary for Petitioner to formulate his argument relating to the timeliness of his Petition filed in this Court (or the application of an exception such as equitable tolling to the limitations period).

IT IS THERFORE ORDERED that:

1. The motion for evidentiary hearing seeking an evidentiary hearing to supplement the record with Exhibit's J-N as attached to the motion, Filing No. 6, is denied as moot. The Court shall consider Exhibits J-N when addressing Respondent's Motion for Summary Judgment.

2. The Second Motion to Supplement, Filing No. 22, is granted. The exhibits labeled as Exhibits G-I immediately following the Second Motion to Supplement shall be considered when addressing Respondent's Motion for Summary Judgment.

3. The First Motion to Supplement, Filing No. 18, is granted only to the extent Petitioner requests this Court take judicial notice of documents filed in other proceedings. The remainder of the First Motion to Supplement, seeking an order requiring Respondent to supplement the record, is denied without prejudice.

4. Petitioner has through and until **September 6, 2024**, to file his response to Respondent's Motion for Summary Judgment at Filing No. 9. Petitioner is reminded that the only issue he needs to address in his response to the Motion for Summary Judgment is why his *federal habeas Petition* should be deemed timely based on the limitations period set forth in 28 U.S.C. § 2244(d)(1), or why he believes equitable tolling or another exception should allow this Court to consider his Petition on the merits despite its untimely filing.

5. If, after Respondent files his reply, or the deadline to do so has passed, Petitioner believes additional records are needed to support his arguments

8

regarding the Petition's timeliness, within **thirty days** of that date he may file a new motion to supplement the record, providing specific detail as to why each document requested is necessary for him to adequately supplement his response to the Motion for Summary Judgment. Only if such a motion is granted and Respondent is ordered to supplement the record shall the Court allow Petitioner to file a sur-reply in response to the Motion for Summary Judgment once the records are received. Any sur-reply deadlines, if applicable, shall be addressed by separate order.

6. Any motion seeking to extend the deadline in which to comply with this Order must be filed prior to the response deadline.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **September 6, 2024**: deadline for Petitioner's response to the Motion for Summary Judgment.

Dated this 6th day of August, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court