IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDUR-RASHID MUHAMMAD,<br><br>     Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director of Nebraska Department of Correctional Services;<br><br>     Respondent. | 8:23CV147<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on Respondent's Motion for Summary Judgment, Filing No. 9, and Petitioner's Motion for Evidentiary Hearing, Filing No. 31.  In his MSJ, Respondent argues Petitioner Abdur-Rashid Muhammad's ("Petitioner") Petition for Writ of Habeas Corpus, Filing No. 1, must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d) and that no exception applies.

  For the reasons set forth below, the Court agrees with Respondent.  The Motion for Summary Judgment shall be granted, and the Petition shall be dismissed with prejudice.  As a result of the dismissal of the Petition, Petitioner's Motion for Evidentiary Hearing shall be denied as moot.

## I. BACKGROUND

  On February 22, 2011, pursuant to a plea agreement with the State, Petitioner pled guilty in the District Court of Sarpy County, Nebraska, to two counts of second-degree assault and one count of use of a deadly weapon to commit a felony.  Filing No. 10-3 at 35–37.  On May 2, 2011, the state district court sentenced Petitioner to consecutive prison

sentences of 20 to 20 years and 10 to 20 years for second degree assault and 40 to 50 years for use of a deadly weapon to commit a felony. *Id.* at 25–26.

Petitioner timely filed his direct appeal alleging that the trial court abused its discretion in imposing sentence and for accepting Petitioner's guilty plea to use of a deadly weapon to commit a felony. *See* Filing No. 1 at 2; Filing No. 10-1 at 2. On December 1, 2011, the Nebraska Court of Appeals affirmed Petitioner's convictions and sentences by sustaining the State's motion for summary affirmance, finding that the sentence imposed was within the statutory limits and that Petitioner's plea was knowingly and voluntarily made. Filing No. 10-1 at 3–4. Petitioner did not petition the Nebraska Supreme Court for further review. *Id.* at 4.

On December 31, 2012, Petitioner filed a motion for postconviction relief in the state district court (the "First PCM"), raising claims of ineffective assistance of direct appellate counsel for failing to raise multiple claims of trial counsel error under the Sixth and Fourteenth Amendments, Filing No. 10-4 at 4–16, which was denied without an evidentiary hearing in a written order filed on March 15, 2013. *Id.* at 3, 22–26. Petitioner appealed, but his appeal was dismissed by the Nebraska Court of Appeals on May 16, 2013, as untimely filed. Filing No. 10-2 at 4. The mandate was issued on June 19, 2013. *Id.*

Petitioner took no further action in state court until March of 2015, when he filed a motion to vacate or modify a judgment. Filing No. 30 at 3. After the 2015 motion was denied that same year, Petitioner filed various motions in state court beginning again in 2018 and continuing through 2023 attempting to have his appeal of the First PCM addressed on the merits. *Id.* at 3–6.

Petitioner filed his federal habeas Petition on April 17, 2023.  Filing No. 1.

## II.  STANDARD OF REVIEW

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion."  Fed. R. Civ. P. 56(a).

In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  See *Dancy v. Hyster Co.*, 127 F.3d 649, 652-53 (8th Cir. 1997).  It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue; the court merely determines whether there is evidence creating a genuine issue for trial.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986); *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999), *abrogated on other grounds by* *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011).

"There is a genuine dispute when the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (internal quotations and citations omitted).  "A fact is material if it 'might affect the outcome of the suit.'"  *Id.* (quoting *Anderson*, 477 U.S. at 248). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

3

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

The moving party bears the initial responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact.[1] *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

### III. ANALYSIS

Respondent submits that Petitioner's Petition should be dismissed with prejudice because it is barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d)(1)(A). Filing No. 9; Filing No. 12. Petitioner disagrees, arguing that the statute of limitations is governed by 28 U.S.C. § 2244(d)(1)(B), and that his Petition is timely as the statute of limitations is still tolled. Filing No. 30 at 32–33. Alternatively, Petitioner concludes that

---

[1] This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial." *Bedford v. Doe,* 880 F.3d 993, 996 (8th Cir. 2018).

even if his Petition is found to be untimely, he should still be allowed to proceed here via application of the doctrine of equitable tolling. *Id.* at 34.

A. **28 U.S.C. § 2244(d)(1)**

The main issue before the Court is: Should § 2244(d)(1)(B) be used to extend the one-year limitations period for filing a federal habeas petition in this Court beyond the period set forth in § 2244(d)(1)(A)?[2] Respondent contends that the limitations period for Petitioner to file a federal habeas petition concluded on March 18, 2013, and as Petitioner did not file his Petition until over 10 years later, on April 17, 2023, the Petition is time barred under 28 U.S.C. § 2244(d)(1)(A) and must be dismissed. Petitioner argues that the limitations period has remained tolled since he placed his appeal of the First PCM into the mail on April 8, 2013, because the delays in the prison mailing system which caused his appeal of the First PCM to be untimely filed are a state created impediment to exhausting his claims. Filing No. 30 at 7, 17 (citing *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1216 (11th Cir. 2000), for the proposition that § 2244(d)(1)(B) applies where a

---

[2] 28 U.S.C. § 2244(d)(1) provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

petitioner was prevented from filing his federal habeas petition as a result of "illegal state action").

The majority of the facts at issue are not in dispute. The parties agree that Petitioner timely filed a direct appeal, and on December 1, 2011, the Nebraska Court of Appeals affirmed Petitioner's convictions and sentences. Filing No. 10-1 at 3–4. The parties also agree that Petitioner did not petition the Nebraska Supreme Court for further review. Id. at 4. Petitioner does not contest Respondent's position that the one-year statute of limitations began running on January 3, 2012, when the deadline for obtaining supreme court review had passed. And the parties do not disagree that the limitations period was tolled 363 days later when Petitioner filed his state postconviction motion on December 31, 2012, and that the statute of limitations remained tolled through March 15, 2013, when the state district court entered its order denying postconviction relief. Filing No. 30 at 2; Filing No. 33 at 1. The parties also agree that Petitioner's appeal of the First PCM was not filed in the state district court until April 17, 2013 (and then was transmitted to the Nebraska Court of Appeals the following day), which fell outside of the 30 days he had to appeal the denial of the first PCM under Nebraska law. Filing No. 30 at 3; Filing No. 33 at 3. Finally, the parties appear to agree that had Petitioner's appeal of the First PCM been timely filed that the limitations period would have remained tolled while the appeal was pending before the state courts.[3]

Ultimately, Petitioner argues that the state created impediment which should allow the limitations period to be calculated under § 2244(d)(1)(B) is the failure of the prison

---

[3] As noted by Respondent, upon denial of the First PCM by the district court on March 15, 2013, Petitioner had thirty days to file his appeal under Nebraska law. If Petitioner's appeal had been timely filed, the statute would have remained tolled. Filing No. 33 at 2 (citing Evans v. Chavis, 546 U.S. 189, 191 (2006) (holding that a state postconviction application is "pending" in the interval between a lower court's adverse

system to timely mail his state court appeal of the denial of the First PCM. Filing No. 30 at 6. Petitioner alleges that he did timely file his appeal of the March 15, 2013, denial of the First PCM on April 8, 2013, as he gave legal mail containing his notice of appeal to prison officials to place in the outgoing mail, but that due to prison officials' negligence, his appeal was delayed. Filing No. 30 at 2. Petitioner submits that the negligence of prison officials constitutes a state created impediment to the timely filing of his appeal of the First PCM, rendering 28 U.S.C. § 2244(d)(1)(B) applicable. Id. at 3. And that because the state created impediment has not yet been lifted the limitations period is still tolled, and his Petition is timely. Id.

Petitioner's reliance on 28 U.S.C. § 2244(d)(1)(B) is misplaced in these circumstances.

First, the application of 28 U.S.C. § 2244(d)(1)(B) typically arises when the state thwarts a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or a law library. See Garcia v. Hatch, 343 F. App'x 316, 318 (10th Cir. 2009) (unpublished) (collecting cases). "Mailroom mishaps simply do not rise to that level" where § 2244(d)(1)(B) would apply. Smith v. Sec'y, Dep't of Corr., 2024 WL 310043, at *2 (M.D. Fla. Jan. 26, 2024) (citations omitted) (finding that the petitioner was not entitled to a later start date under § 2244(d)(1)(B) based on the allegation that prison mailroom staff were responsible for his failure to receive a copy of the state court's order). Moreover, regardless of whether the purported delay in the prison mail system when Petitioner mailed his appeal of the First PCM is indeed a state created impediment, the

---

determination and the prisoner's filing of an appeal, "provided that the filing of the notice of appeal is timely under state law")). However, the Nebraska Courts did not accept Petitioner's argument relating to the alleged delays by the prison officials in mailing his appeal, and instead deemed his appeal untimely filed when it was received by the court on April 17, 2013.

7

state created impediment at issue in 28 U.S.C. § 2244(d)(1)(B) must have prevented the inmate from filing his *federal habeas petition* not his state appeal. *Id.* at 319 (emphasis added).

To that end, Petitioner appears to argue that the delay in the mailing of his First PCM appeal did prevent him from filing his federal habeas because in order to file a federal habeas petition his state law claims must be exhausted, which they were not at the time the one-year limitations ran on March 18, 2013,[4] under § 2244(d)(1)(A). Filing No. 30 at 12. Unfortunately for Petitioner, the "prevented from filing" language does not apply to his argument.

Section 2244(d)(1)(B) requires a federal petitioner to "be able to demonstrate that he was actually prevented from filing his claims in any form in any court," not that the claims in the federal petition were potentially subject to dismissal if the petition was filed. *Lara v. Williams*, No. 2:12-CV-00505-KJD, 2013 WL 557894, at *4 (D. Nev. Feb. 11, 2013), *aff'd sub nom*. *Lara v. Neven*, 629 F. App'x 790 (9th Cir. 2015) (citing *Ramirez v. Yates*, 571 F.3d 993, 1000–01 (9th Cir. 2009) (refusing to allow delayed commencement under 28 U.S.C. § 2244(d)(1)(B) when prisoner filed three state petitions, a state discovery motion, and a federal motion during the relevant time)); see also *Lewis v. Casey*, 518 U.S. 343, 349–350, 353 (1996) (an inmate must show an "actual injury" by "demonstrat[ing] that a nonfrivolous legal claim had been frustrated or was being impeded")). As Petitioner raises no such argument, and indeed admits to filing multitudes of state court motions over the last 10 years since the appeal of the First PCM was deemed untimely, 28 U.S.C.

---

[4] Adding two days to March 15, 2013, results in an end date of Sunday, March 17, 2013. Thus, the deadline for Petitioner to file his habeas petition under § 2244(d)(1)(A) was Monday, March 18, 2013.

8

§ 2244(d)(1)(A) and not 28 U.S.C. § 2244(d)(1)(B) applies. And, as the limitations period for Petitioner to file his federal habeas petition under 28 U.S.C. § 2244(d)(1)(A) expired in 2013, but Petitioner did not file his Petition until 2023, his Petition is clearly time barred and subject to dismissal.

**B. Equitable Tolling**

For the same reasons Petitioner sought to apply 28 U.S.C. § 2244(d)(1)(B), he also concludes that he is entitled to equitable tolling of the limitations period. Filing No. 30 at 8–9, 34.

The limitations period set forth in 28 U.S.C. § 2244(d)(1) may be subject to equitable tolling, whereby a litigant seeking such relief must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id*. (internal quotation marks omitted). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, Petitioner has failed to meet that burden.

Despite Petitioner's questions about the timeliness of his state postconviction appeal in 2013, Petitioner took no steps to protect his right to federal habeas relief. Though Petitioner argues that he was diligently attempting to exhaust his state court remedies before seeking federal habeas relief, *see* Filing No. 30 at 4–6, the United States

9

Supreme Court has addressed such circumstances, finding that certain federal actions remain available to a state court litigant in Petitioner's position.

While there is "[an] apparent unfairness to petitioners who spend years exhausting state remedies, only to discover their federal habeas relief is time barred because their state petition was never 'properly filed'":

> A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Walker v. Norris*, 436 F.3d 1026, 1030–31 (8th Cir. 2006) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)).  Put another way, a prisoner litigating a claim in state court while the statute of limitations to file a federal habeas petition continues to run should not idly stand by and wait until they have concluded their state court proceedings before filing their federal habeas petition.

This Court simply cannot conclude that Petitioner acted diligently when over 10 years had passed between Petitioner's contested filing of his appeal of the First PCM and the filing of his federal habeas action.  Petitioner was clearly aware long before he filed his Petition with this Court in 2023 that his appeal of the First PCM had been deemed untimely.  And while Petitioner did file multiple motions in the state courts litigating the timeliness of his appeal of the First PCM from 2015 through 2023, *see* Filing No. 30 at 3–6 (discussing the multitudes of motions filed by Petitioner in Nebraska courts attempting to obtain review of his claims in the state courts), he made no attempts to file anything in federal court prior to the filing of his Petition in April of 2023, *see* Filing No. 1.

As Petitioner cannot establish that he pursued his rights diligently before this Court, he cannot meet his burden under the equitable tolling test.

**C. Miscarriage of Justice/Actual Innocence**

Although not expressly argued, in the interest of thorough review, Petitioner also cannot proceed under the so-called "miscarriage of justice" exception set forth in *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

In *McQuiggins v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, is excused from the procedural bar of the statute of limitations set forth in in 28 U.S.C. § 2244(d)(1) under the miscarriage of justice exception. The miscarriage of justice/actual innocence exception applies to a "severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 394-95 (quoting *Schlup*, 513 U.S. at 329). "[T]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence that was not presented at trial." *Schlup*, 513 U.S. at 324. Further, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998) (citation omitted in original). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

As Petitioner has not alleged any new evidence of innocence, nevertheless evidence of innocence that is so strong that a court cannot have confidence in the

outcome of this case, Petitioner may not proceed under the miscarriage of justice exception.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's Petition was filed after the one-year limitations period set forth in § 2244(d)(1)(A) expired and he has failed to present sufficient grounds to warrant equitable tolling of the statute of limitations or application of the miscarriage of justice exception set forth in *Schlup*. As Petitioner's habeas Petition is untimely and no exceptions apply which would allow him to proceed, the Motion for Summary Judgment, Filing No. 9, is granted and the Petition is dismissed with prejudice. As the matter shall be dismissed, Petitioner's Motion for Evidentiary Hearing, Filing No. 31, shall be denied as moot.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The Court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED:

1.      Respondent's Motion for Summary Judgement, Filing No. 9, is granted and the Petition, Filing No. 1, is dismissed with prejudice.

2.      The Court will not issue a certificate of appealability in this matter.

3. The Court will enter a separate judgment in accordance with this order.

4. Petitioner's Motion for Evidentiary Hearing, Filing No. 31, is denied as moot.

Dated this 13th day of January, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court