IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDUR-RASHID MUHAMMAD,<br><br>    Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director of Nebraska Department of Correctional Services;<br><br>    Respondent. | 8:23CV147<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on a motion for leave to appeal in forma pauperis, Filing No. 37, an application for a certificate of appealability, Filing No. 39, and an objection to the Memorandum and Order dismissing Petitioner's habeas Petition with prejudice (the "Objection"), Filing No. 41, which this Court construes as either a motion to alter or amend judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or as a motion for relief from judgment filed pursuant to Rule 60(b), filed by Petitioner Abdur-Rashid Muhammad ("Petitioner").

  For the reasons that follow, the Objection and the application for a certificate of appealability shall be denied and the case shall remain closed. The motion for leave to appeal in forma pauperis shall be granted.

## I. THE OBJECTION

  Petitioner's Objection is an objection to a "Magistrate's Report and Recommendation." *See* Filing No. 41 at 1 (titled "Objection to the Magistrate's Report and Recommendations"). However, there is no magistrate assigned to Petitioner's case

and no report and recommendations has been filed, therefore the Objection is not the proper form to address the dismissal of the Petition.[1]

Even construing the Objection either as a motion to alter or amend judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or as a motion for relief from judgment filed pursuant to Rule 60(b), *see* Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988) (where moving party fails to indicate which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion to reconsider the judgment, court may treat it as a Rule 59(e) or Rule 60(b) motion), Petitioner is not entitled to relief.[2]  Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence.  United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).  Rule 60(b) has a much broader scope, providing that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1),(6).  A manifest error of law has been described as a "wholesale disregard, misapplication, or failure to recognize controlling precedent," not a disagreement with a legal interpretation.  Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

---

[1] Moreover, even if an objection was the appropriate form, NECivR 72.2(a) governs the time period in which objections to a magistrate's report and recommendations may be filed as follows:

> A party may object to a magistrate judge's order in a nondispositive matter or findings and recommendation in a dispositive matter by filing a "Statement of Objections to Magistrate Judge's Order" or "Objections to Magistrate Judge's Findings and Recommendations" **within 14 days after being served with the order or findings and recommendations**, unless the order or recommendation states a different time.

NECivR 72.2(a) (emphasis added).  Here, the Memorandum and Order and Judgment dismissing the Petition was entered on January 13, 2025, and Petitioner's Objection was filed February 10, 2025, twenty-seven days later, rendering the Objection untimely.

[2] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).  A Rule 60(b) motion need not be filed within a specific timeframe, and instead "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  As Petitioner's Objection was filed twenty-seven days after the judgment of dismissal was entered, *see supra* n.1, it is timely filed under either rule.

2

Indeed, Rules 59(e) and 60(b) are not designed to provide an avenue for a disappointed party to relitigate a matter previously decided by the court, or to introduce new evidence, tender new legal theories, or to raise arguments which could have been offered prior to entry of the order. *United States of America v. Metropolitan St. Louis Sewer District*, 440 F.3d 930, 933 (8th Cir.2006).

Ultimately, while Petitioner apparently now seeks to set aside the judgment of dismissal and reopen his case, Petitioner supplies no argument in his Objection relevant to Rule 59(e) or 60(b). Instead, Petitioner's Objection contains what amounts to disagreements with the legal interpretations and factual findings made by this Court in dismissing his Petition. *See* Filing No. 41. Petitioner's Petition was dismissed in conjunction with a motion for summary judgment filed by Respondent arguing the Petition was barred as untimely under 28 U.S.C. § 2244(d)(1). Filing No. 34. In opposition to the summary judgment motion, Petitioner argued that his Petition was timely via application of 28 U.S.C. § 2244(d)(1)(B), or alternatively that even if his Petition is found to be untimely, his Petition should still be allowed to proceed in this Court via application of the doctrine of equitable tolling. *Id.* at 3–4 (citing Filing No. 30 at 32–33).

Specifically, Petitioner argued that his Petition was timely because his state court appeal was improperly dismissed as untimely due to a delay in the prison mailing system. Petitioner contended the prison mailing system delay qualified as a state-created impediment, rendering his Petition timely under § 2244(d)(1)(B) *See* Filing No. 30 at 6. Ultimately this Court disagreed, finding that the state created impediment under § 2244(d)(1)(B) must have stopped Petitioner from filing his federal habeas petition, not his state appeal. And as no state created impediment precluded Petitioner from filing a

3

timely federal habeas petition, Respondent's motion for summary judgment was granted, and the Petition was dismissed as barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1) because Petitioner failed to establish an exception to the limitations period under the doctrine of equitable tolling and/or the miscarriage of justice exception. Filing No. 34.

The only argument Petitioner advances which could potentially apply is his argument that he did not have the opportunity to address an actual innocence argument in his briefing, which could have provided a basis for his Petition to proceed even if otherwise untimely. Filing No. 41 at 3. Specifically, Petitioner argues that, due to instructions by this Court that he was only to address the issue of the timeliness of his Petition in his response to the Respondent's motion for summary judgment, he was unable to make an actual innocence argument and that the Court erred in dismissing his Petition due to the limited briefing instructions. *See Id.* (referencing Filing No. 23). Petitioner's position is not well taken.

First, Petitioner took the opportunity in his briefing in opposition to the motion for summary judgment to argue that equitable tolling of the limitations period applied, which is the other basis for allowing an otherwise time-barred petition to proceed. *See* Filing No. 30 at 8–9. As such, there is no reason for him to now argue that he was somehow able to set forth an equitable tolling argument but not address actual innocence. Moreover, this Court's instructions to provide argument as to why his federal Petition should be considered timely naturally included any actual innocence argument, just as it did equitable tolling. Therefore, Petitioner's argument that he failed to raise actual innocence because of this Court's instructions appears disingenuous. And finally,

Petitioner does not advance any argument in his Petition that he is actually innocent of all the crimes for which he was convicted and instead challenges the length of his sentence and his sentence generally, arguing his sentence is "void and illegal" as it relied upon what Petitioner contends is an invalid plea agreement[3] and his counsel was ineffective for failing to raise these same claims before the state courts. Filing No. 1 at 5, 20–26, 60, 69, 74.

For these reasons, to the extent Petitioner sought to reopen his case to correct a manifest error of law or fact or to present newly discovered evidence under Rule 59(e) or Rule 60(b), his Objection is denied and his case shall remain closed.

## II.  IN FORMA PAUPERIS APPEAL

Petitioner also filed a Motion for Leave to Appeal in Forma Pauperis. Filing No. 37. Petitioner filed a Notice of Appeal, Filing No. 36, on February 10, 2025. Petitioner appeals from the Court's Memorandum and Order and Judgment dated January 13, 2025. Filing Nos. 34 & 35. Upon review of Petitioner's Motion for Leave to Appeal in Forma Pauperis, the Court finds Petitioner is entitled to proceed in forma pauperis on appeal.

## III.  MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner seeks entry of an order granting a certificate of appealability as he disagrees with this Court's findings that: (1) the prison mailing delays Petitioner suffered which resulted in his state appeal being untimely filed did not constitute a state created impediment to his filing a federal habeas petition rendering § 2244(d)(1)(B) inapplicable, (2) Petitioner was not entitled to equitable tolling, and (3) Petitioner failed to allege actual

---

[3] On February 22, 2011, pursuant to a plea agreement with the State, Petitioner pled guilty in the District Court of Sarpy County, Nebraska, to two counts of second-degree assault and one count of use of a deadly weapon to commit a felony. Filing No. 10-3 at 35–37.

innocence under the miscarriage of justice exception. Filing No. 39 at 3–11. The Court declines to issue a certificate of appealability for the reasons set forth in the Memorandum and Order dismissing the Petition and closing the case. Filing No. 34 at 12. This Court's denial of a certificate of appealability, however, does not preclude Petitioner from proceeding to the circuit court and requesting a circuit judge to issue the certificate under 28 U.S.C. § 2253(c). *See also* Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.").

IT IS THEREFORE ORDERED:

1. Petitioner's Objection, Filing No. 41, is denied. This case remains closed.

2. Petitioner's Motion for Leave to Appeal in Forma Pauperis, Filing No. 37, is granted.

3. Petitioner's Motion for Certificate of Appealability, Filing No. 39, is denied.

Dated this 20th day of March, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court